UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN AND MAXINE POTTS                    CIVIL ACTION

VERSUS                                    NO: 10-3039

SOUTHERN FIDELITY INSURANCE COMPANY       SECTION: R

ORDER AND REASONS

    In this insurance coverage dispute, plaintiffs seek remand on the grounds that this Court lacks subject matter jurisdiction. Because the Court finds that the defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court grants plaintiffs' motion.

**I.    BACKGROUND**

    On August 31, 2008, Hurricane Gustav landed in New Orleans, Louisiana, causing severe wind damage to John and Maxine Potts' home.[1]  Specifically, the roof was blown off the east side of the Potts' house, allowing rain to enter and damage their floors, ceilings and personal belongings.[2]  On September 2, 2008, the Potts notified Southern Fidelity, their insurer, of the damage and made a claim for coverage.[3]  Because of the damage to the

_____

    [1]  R. Doc. 1-1 at 1.

    [2]  *Id.* at 1-2.

    [3]  *Id.* at 2.

home, the Potts placed Ms. Myrtle Marshall, Mrs. Potts' mother, in an assisted living facility in Colorado until repairs on the home could be completed.[4]  Repairs on the home were completed on April 10, 2009.[5]

Plaintiffs allege that during the seven month period between when their home was damaged and fully repaired, home repairs were the only portion of the Potts' claim that Southern Fidelity covered, despite claims for personal property loss in excess of $20,000, and "Additional Living Expenses" in excess of $30,000.[6] On April 27, 2010, Southern Fidelity issued an unconditional tender for the personal property loss.[7]

On August 18, 2010, plaintiffs sued Southern Fidelity for their outstanding "Additional Living Expenses" claim totaling $32,853.70.[8]  Plaintiffs' petition also requests damages for past, present and future mental anguish, as well as for penalties, damages and attorney's fees as provided in La. Rev. Stat. §§ 22:1973 and 22:1892.[9]  The petition does not specify the total damages sought.

---

[4]   *Id.* at 3.

[5]   *Id.*

[6]   *Id.*

[7]   *Id.*

[8]   *Id.* at 3-4.

[9]   *Id.* at 4-5.

On September 13, 2010, Southern Fidelity removed the action to this Court asserting jurisdiction based on diversity of citizenship.[10]  In response, plaintiffs filed this motion to remand.[11]  Southern Fidelity filed an opposition to the Potts' motion, asserting that the parties are diverse and the jurisdictional amount in controversy is satisfied.[12]

## II.  LEGAL STANDARDS

### A.  Removal

A defendant generally may remove a state court civil action to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).  The removing party bears the burden of showing that federal jurisdiction exists.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  To assess whether jurisdiction is appropriate, the Court considers

> the claims in the state court petition as they existed at the time of removal.  Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).  Though the Court must

---

[10]  R. Doc. 1.

[11]  R. Doc. 8.

[12]  R. Doc. 10.

remand the case to state court if at any time before final
judgment it appears that it lacks subject matter jurisdiction,
jurisdiction is fixed as of the time of removal.  28 U.S.C. §
1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir.
1996).


**B.  Amount in Controversy**

Under Fifth Circuit law, a removing defendant's burden of
showing that the amount in controversy is sufficient to support
federal jurisdiction differs depending on whether the plaintiff's
complaint alleges a specific amount of monetary damages.  *Allen*,
63 F.3d at 1335.  When the plaintiff alleges a damage figure in
excess of the required amount in controversy, "that amount
controls if made in good faith."  *Id. (citing St. Paul Mercury
Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  If a
plaintiff pleads damages less than the jurisdictional amount,
this figure will also generally control, barring removal.  *Allen*,
63 F.3d at 1335.  "Thus, in the typical diversity case, the
plaintiff remains the master of his complaint."  *Id.*

Here, however, plaintiffs filed their complaint in Louisiana
state court, and Louisiana law ordinarily does not permit
plaintiffs to plead a specific amount of money damages.  *See* La.
Code Civ. Proc. art. 893 ("No specific monetary amount of damages
shall be included in the allegations or prayer for relief of any

original, amended or incidental demand."). When, as here, the plaintiffs have alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiffs' claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal. *Allen*, 63 F.3d at 1336.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *De Aguilar*, 47 F.3d at 1412. In *De Aguilar*, the

Fifth Circuit stated that absent a statute limiting recovery, "litigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints*; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *Id*. (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)) (emphasis added).  The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings.  *Id.* at 1412 n.10.  Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept $75,000 for his pre-removal state court pleadings and stipulations to bind him.  *See* La. Code. Civ. Proc. art. 862 ("[A] final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."); *Sterns v. Scottsdale Ins. Co.*, No. 09-6449, 2010 WL 2733771, at *3 (E.D. La. July 8, 2010) (stating that for pre-removal stipulations to be binding, Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000); *Levith v. State Farm Fire & Cas. Co.*, No. 06-2785, 2006 WL 2947905, at *2 (E.D. La. Oct. 11, 2006) (same).  The plaintiffs here did not file a stipulation with their petition.

Post-removal affidavits or stipulations may be considered only in limited circumstances.  If the amount in controversy is

ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see also Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (When the affidavit clarifies a petition that left the jurisdictional question ambiguous, the court may consider the affidavit in determining whether remand is proper), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction. *Gebbia*, 233 F.3d at 883.

**III. DISCUSSION**

Plaintiffs contend that the defendant has not met its burden in proving that the amount in controversy exceeds $75,000. Plaintiffs' state court petition does not allege a total amount of damages sought. Instead, plaintiffs seek damages "for the full amount owed, $32,853.70, damages for their past, present and future mental anguish, and damages, penalties and attorneys fees as provided in LSA-R.S. 22:1973 and 22:1892, together with legal

interest thereon from the date of judicial demand until paid, and for all general and equitable relief."[13]

Initially, the Court rejects defendant's assertion that plaintiffs are seeking $20,000 in personal property loss.  The petition expressly acknowledges that payments have been made on this claim.  Further, plaintiffs' prayer for relief does not request recovery for personal property loss.  Thus, this amount does not contribute to the requisite amount in controversy.

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy.  *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). Plaintiffs assert an outstanding claim of $32,853.70 for "Additional Living Expenses."  Thus, plaintiffs' $32,853.70 claim is part of the amount in controversy.

Plaintiffs also seek attorney's fees and penalties under La. Rev. Stat. §§ 22:1973 and 22:1892.[14]  Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim.  If recoverable, these sums are to be considered by the Court in determining the

---

[13]  R. Doc. 1-1 at 5.

[14]  La. Rev. Stat. 22:658 has been renumbered as La. Rev. Stat. § 22:1892; La. Rev. Stat. § 22:1220 has been renumbered as La. Rev. Stat. § 22:1973.

amount in controversy. *See, e.g., Manguno*, 276 F.3d at 723-24 (including a claim for attorney's fees under La. R.S 22:658 in calculating the amount in controversy); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages- just not interest or costs."); *Ardoin v. Allstate Ins. Co.*, No. 06-7624, 2007 WL 97062, at *3 (E.D. La. Jan. 9, 2007) (calculating the penalties recoverable under La. Rev. Stat. §§ 22:1220 and 22:658 in determining whether the amount in controversy exceeded $75,000). A plaintiff cannot recover penalties under both La. Rev. Stat. § 22:1973 and La. Rev. Stat. § 22:1982 for the same conduct. *Calogero v. Safeway Ins. Co.*, 99-1625, p. 7 (La. 1/19/00); 753 So. 2d 170, 174. Rather, the higher penalty supersedes the lower penalty. *See id.* ("[W]here La. R.S. 22:1220 provides the greater penalty, La. R.S. 22:1220 supersedes La. R.S. 22:658, such that [the plaintiff] cannot recover penalties under both statutes."); *Spirit v. Laundromat, Inc. v. Allstate Ins. Co.*, No. 07-6112, 2008 WL 783546, at *2 (E.D. La. March 25, 2008) (calculating the amount in controversy to include penalties of $24,000 under section 22:658, but not the $5,000 that could be attributed to defendant's breach under section 22:1220).

However, because section 22:1973 does not provide for attorney's fees, an insured may recover the greater penalties under section 22:1973 and attorney's fees under section 22:1892.   *Id.*

Under section 22:1973, an insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims.  An insurer that fails to pay a claim upon satisfactory proof of loss is subject to penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious.  La. Rev. Stat. § 22:1973.  However, a plaintiff must show proof of actual damages arising from the insurer's breach of the imposed duty to recover any more than $5,000.  *Hannover Corp. of Am. v. State Farm Mut. Auto Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995).  Plaintiffs here do not allege in their petition the amount or type of damages, if any, that they sustained from Southern Fidelity's breach.  Furthermore, Southern Fidelity provides no evidence to show that plaintiffs could recover more than $5,000 for damages arising from its alleged breach.

Under section 22:1892, the insurer is subject to a penalty "*in addition to the amount of the loss*" of fifty percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss.  La.

10

Rev. Stat. § 22:1892 (emphasis added).  Here, plaintiffs would be entitled to, at most, $16,426.85 under section 22:1892.

Southern Fidelity has failed to provide the Court with any evidence to demonstrate the amount of attorney's fees that would be recoverable under section 22:1892, or plaintiffs' possible recovery for "past, present and future mental anguish."  The Court, therefore, has no basis to find that these additional claims require a finding that the amount in controversy has been met.

The Court notes that plaintiffs filed a post-removal stipulation stating that "[t]he total sum or value in controversy in their cause of action does not exceed $75,000.00, including all penalties and attorney's fees, but exclusive of interest and costs."[15]  The stipulation further provides that plaintiffs are resolving all "doubt or ambiguity as to the meaning and intent of the language set forth in the Petition ... [and] it is their intent to waive, relinquish, and/or renounce their entitlement to any award ... in excess of $75,000, including all penalties and attorney's fees, but exclusive of interest and costs."[16]  Even though plaintiffs do not bear the burden of proving the amount in controversy, because the petition is ambiguous as to the amount in controversy, the Court considers the post-removal stipulation

---

[15]  R. Doc. 8-2, Ex. A.

[16]  *Id.*

11

as additional evidence that the amount in controversy at the time of removal did not meet the jurisdictional amount. *Cf. Lewis v. Lexington Ins. Co.*, No. 07-8295, 2008 WL 4862034, at *1-2 (E.D. La. Nov. 6, 2008) (finding plaintiff's post-removal stipulation using similar language "adequate to establish that at the time of removal, the amount in controversy did not meet the jurisdictional amount required for removal").

Based on the facts alleged in plaintiffs' petition, the Court finds that it is not facially apparent that the amount in controversy is greater than $75,000.  Further, Southern Fidelity has not submitted any evidence establishing that the plaintiffs' claims are for more than $75,000.  Accordingly, the Court finds that the defendant has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy is greater than $75,000.

## IV.  ATTORNEY'S FEES AND COSTS

Plaintiffs also move under 28 U.S. C. § 1447(c) for an award of attorney's fees and costs for defendant's improper removal. The award is within the discretion of the Court, but "[a]bsent unusual circumstances, courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Although Southern

12

Fidelity failed to carry its burden as to the amount in controversy requirement, it did not lack an objectively reasonable basis for removal.  Accordingly, the Court declines to award plaintiffs the fees, expenses and costs incurred as a result of the removal.


**V.    CONCLUSION**

    For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand.


    New Orleans, Louisiana, this 25th day of January, 2011.


                    _____
                         SARAH S. VANCE

                    UNITED STATES DISTRICT JUDGE

13